IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON L. WALKER,<br><br>    Plaintiff,<br><br>    v.<br><br>SHERIFF G.J. AHERN, CAPT. K. JACKSON, LT. JAMES, DEPUTY TRACY, and DEPUTY POSEDEL,<br><br>    Defendants.<br>                                       / | No. C 12-6059 SI<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND VACATING HEARING** |

    On November 24, 2011, *pro se* plaintiff Walker filed an action against defendants in Superior Court of California County of Alameda. On November 29, 2012, defendants removed the case to the U.S. District Court for the Northern District of California. On December 14, 2012, defendants gave notice to the Court that the envelope containing their answer, mailed to Walker at the address he provided, had been returned undeliverable. On his complaint, Walker listed as his address the address of the Glenn Dyer Detention Facility in Oakland, California. The envelope addressed to that facility was returned and marked "not in custody." *See* Docket No. 6, Ex. A. Additionally, on January 16, 2013, two clerk's notices were returned with the same designation of "not in custody." *See* Docket Nos. 11, 12.

    On January 8, 2013, defendants filed a motion for judgment on the pleadings, asking the Court to dismiss the case because the complaint failed to allege sufficient facts to support a claim. Plaintiff's response was due by January 22, 2013, and the hearing was scheduled for February 22, 2013. The envelope in which defendants mailed plaintiff a copy of the motion was returned undeliverable. Plaintiff did not file an opposition to that motion, nor did plaintiff request an extension of time.

It appears that plaintiff is no longer in custody at the Glenn Dyer Detention Facility, and he has not provided the Court with any other or better address at which to reach him. This is in violation of the Court's local rules.[1]

**Accordingly, plaintiff is ORDERED TO SHOW CAUSE in writing no later than March 22, 2013, why this case should not be dismissed without prejudice for failure to prosecute and for failure to keep the Court informed of his correct address**. *See* Fed. R. Civ. Proc. 41(b). If plaintiff satisfactorily responds to this Order and wishes to proceed with this lawsuit, and informs the Court of his correct address, the Court will set a new briefing schedule and hearing date on defendants' motion to dismiss. The February 22, 2013 hearing date is VACATED.

**If plaintiff does not respond, this action will be dismissed without prejudice.**

**IT IS SO ORDERED.**

Dated: February 6, 2013

SUSAN ILLSTON
United States District Judge

---

[1] Local Rule 11, titled "Failure to Notify of Address Change," provides as follows:
(a) Duty to Notify. An attorney or a party proceeding pro se whose address changes while an action is pending must promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address.
(b) Dismissal Due to Failure. The Court may, without prejudice, dismiss a complaint or strike an answer when:
**(1)** Mail directed to the attorney or pro se party by the Court has been returned to the Court as not deliverable; and
**(2)** The Court fails to receive within 60 days of this return a written communication from the attorney or pro se party indicating a current address.

2