IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON L. WALKER,<br><br>            Plaintiff,<br><br>   v.<br><br>SHERIFF G.J. AHERN, CAPT. K. JACKSON, LT. JAMES, DEPUTY TRACY, and DEPUTY POSEDEL,<br><br>            Defendants.        / | No. C 12-6059 SI<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND DENYING MOTION FOR APPOINTMENT OF COUNSEL** |

On November 24, 2011, *pro se* plaintiff Walker filed an action against defendants in Superior Court of California County of Alameda. On November 29, 2012, the case was removed to the U.S. District Court for the Northern District of California. On January 8, 2013, defendants filed a motion for judgment on the pleadings, asking the Court to dismiss the case because the complaint failed to allege sufficient facts to support a claim. Plaintiff did not file an opposition to that motion, nor did plaintiff request an extension of time. This was seemingly caused by the fact that plaintiff not updated his address, as required by Local Rule 11. Accordingly, the Court ordered plaintiff to show cause why the case should not be dismissed for failure to prosecute and failure to update his address. Docket No. 19.

On March 19, 2013, plaintiff wrote a letter to the Court explaining the circumstances of his failure to prosecute and his new address. Docket No. 20. Accordingly, the Court set a new briefing schedule. The Court ordered that plaintiff respond to the motion to dismiss by no later than April 5, 2013.

Plaintiff did not respond, nor did plaintiff file a motion for an extension of time. Instead, on the day his response was due, plaintiff filed a motion for the appointment of an attorney and wrote a letter requesting documents. The letter explains that plaintiff did not receive a copy of Docket No. 20. However, Docket No. 20 is the letter that plaintiff himself wrote to the court. Therefore, the fact that he had not received a copy is his own letter should not impact his ability to respond to defendant's motion..

Plaintiff also filed a motion for appointment of counsel to represent him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. Plaintiff's motion for appointment of counsel is therefore DENIED. (Docket No. 24).

Neither the letter nor the motion request additional time or respond to defendants' motion. **Accordingly, plaintiff is ORDERED TO SHOW CAUSE in writing no later than May 6, 2013, why this case should not be dismissed without prejudice for failure to prosecute**. *See* Fed. R. Civ. Proc. 41(b). If plaintiff does not respond, this action will be dismissed without prejudice. The case management conference scheduled for May 10, 2013 is VACATED.

**IT IS SO ORDERED.**

Dated: April 18, 2013

SUSAN ILLSTON
United States District Judge

2