UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON L. WALKER,<br><br>    Plaintiff,<br><br>    v.<br><br>G. J. AHERN, et al.,<br><br>    Defendants. | Case No. 12-cv-06059-WHO (PR)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

## INTRODUCTION

In this federal civil rights action brought under 42 U.S.C. § 1983, pro se state prisoner Vernon Walker alleges that his jailors at the Alameda County Sheriff's Office are liable under federal and state law for failing to move a violent inmate who later attacked Walker. Defendants seek to dismiss the action and to that end now move for judgment on the pleadings. Although the complaint as drafted must be dismissed because it does not state sufficient facts demonstrating what the defendants knew regarding the dangerousness of Walker's attacker and what Walker told the defendants regarding his own safety concerns, Walker is entitled to amend his complaint to include such facts.[1] Accordingly, the complaint is DISMISSED with leave to file an amended complaint on or before

---

[1] As stated later, there is no federal cause of action under California Administrative Code Title 15, Section 3391, and that claim is dismissed with prejudice.

October 25, 2014 in accordance with this Order. Defendants' motion for judgment on the pleadings is DENIED.

## DISCUSSION

### A. Standard of Review

Defendants move for judgment on the pleadings under Rule 12(c). The Court uses the same standards applicable to a Rule 12(b)(6) motion. *See Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss on the ground that there is a "failure to state a claim upon which relief may be granted." A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Legal Claims

Walker alleges that on September 10, 2011, a fellow inmate (Shaw) attacked him while both were in the custody of the Alameda County Sheriff's Department. (Compl. ¶ 4.) He also alleges that five or six days *before* the attack, he told sheriff's deputies Posedel and Tracy that Shaw had to be moved. He does not state exactly what he told the deputies. (*Id.* ¶ 5.)

United States District Court
Northern District of California

1 Walker alleges that defendants are liable under both state and federal law for failing to protect him from Shaw. His specific claims are that Alameda County Sheriff's Deputies Posedel and Tracy, and their supervisors, Lieutenant James, Captain Jackson and Sheriff Ahern, (1) failed to follow the guidelines of California Administrative Code Title 15, Section 3391(a);[2] (2) violated the Equal Protection Clause of the United States Constitution; (3) violated the Equal Protection Clause of the California Constitution; (4) violated the Eighth Amendment prohibition on cruel and unusual punishment of the United States Constitution; and (5) are liable for the intentional infliction of emotional distress.

Claim 1 is DISMISSED without leave to amend. Inmates cannot file a complaint under section 3391. California Administrative Code Title 15, Section 3391(b); *Harris v. Horel*, No. C 06–7761 SBA (PR), 2009 WL 909825 at *2 (N.D. Cal. Mar. 31, 2009). Further, a violation of section 3391, like any violation of a Title 15 regulation, can be addressed only through a citizen's administrative complaint procedure, not through a court action. *Davis v. Kissinger*, No. CIV S–04–0878 GEB DAD P., 2009 WL 256574 at *12 n.4 (E.D. Cal. Feb. 3, 2009). In addition, a violation of section 3391 would be a violation of a state law and not a right secured by the United States Constitution or by federal law. It is not cognizable in a section 1983 action. It is violations of rights, not laws, that give rise to section 1983 actions. *Gonzaga University v. Doe*, 536 U.S. 273, 282-83 (2002).

Walker also has failed to state a claim under the federal Equal Protection Clause (Claim 2). "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,'

---

[2] "Employees shall be alert, courteous, and professional in their dealings with inmates, parolees, fellow employees, visitors and members of the public. Inmates and parolees shall be addressed by their proper names, and never by derogatory or slang reference. Prison numbers shall be used only with names to summon inmates via public address systems. Employees shall not use indecent, abusive, profane, or otherwise improper language while on duty. Irresponsible or unethical conduct or conduct reflecting discredit on themselves or the department, either on or off duty, shall be avoided by all employees."

which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982). When challenging his treatment with regard to other prisoners, courts have held that in order to present an equal protection claim a prisoner must allege that his treatment is invidiously dissimilar to that received by other inmates. *More v. Farrier*, 984 F.2d 269, 271-72 (8th Cir. 1993). Thus, the first step in determining whether the inmate's equal protection rights were violated is to identify the relevant class of prisoners to which he belongs. *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013). Walker fails to identify what class he belongs to and so fails to establish that he was treated differently than any other similarly situated prisoner in custody with the Alameda County Sheriff's Department. Accordingly, Walker's equal protection claim is therefore DISMISSED with leave to amend.

Walker's claim under California's Equal Protection Clause (Claim 3) is DISMISSED with leave to amend on the same grounds. In his amended complaint, he must address the deficiencies described above **and** show that his state equal protection claim is distinct from, and not just a repetition of, his federal equal protection claim.

Claim 4 is DISMISSED with leave to amend. The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Amendment imposes duties on prison officials, who must provide all prisoners with basic necessities of life, including personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively serious; and, (2) the prison official must possess a sufficiently culpable state of mind. *Id.* at 834. Where inmate safety is concerned, the necessary state of mind is "deliberate indifference." *Id.* Moreover, to have the necessary state of mind the official must be both aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* at 837.

4

Walker fails to establish that the supervisory defendants Ahren, Jackson and James possessed a sufficiently culpable state of mind. In his complaint, Walker alleges that Sheriff Ahren was in charge of the detention facility and as such "should at all times have knowledge and information" about the goings on of the facilities. (Compl. at ¶ 3.) Similarly, Walker contends that Captain Jackson and Lieutenant James should have been on notice of any physical or mental deprivations that occurred "within there [*sic*] watch that day or the following day and investigate and act" upon such information accordingly. (*Id.*) However, Walker does not allege any facts showing that Ahren, Jackson or James knew of Shaw's dangerousness or of Walker's request to move Shaw, much less that Ahren, Jackson or James drew the inference that failure to move Shaw would result in a substantial risk of serious harm. As such, he fails to establish that Ahren, Jackson and James acted with deliberate indifference and the Eighth Amendment claims against them are DISMISSED with leave to amend.

The claims that defendants Posedel and Tracy acted with deliberate indifference are also DISMISSED with leave to amend. Walker claims that prior to the attack on September 10, 2011 he asked Deputies Posedel and Tracy to move Shaw. (Compl. at ¶ 5.) It is unclear from the complaint, however, whether and to what extent Walker described the specific imminent danger he faced to the deputy defendants. Without providing information to establish exactly what knowledge Posedel and Tracy possessed at the time of the incident, it is impossible to analyze whether or not they acted with deliberate indifference.

Claim 5, Walker's tort claim of intentional infliction of emotional distress is also DISMISSED with leave to amend. He has not shown that he has complied with state procedural requirements as to his tort claim. Per California Government Code section 945.4, a plaintiff cannot recover damages against a government agency in court for personal injury claims unless that plaintiff has first filed a written claim with that agency "fairly describ[ing] what the entity is alleged to have done." *Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 34 Cal. 4th 441, 446 (2004). The requirement

1  also applies if the plaintiff is seeking to file claims against a governmental employee as
2  long as the claim arises from acts the employee did within the scope of his or her
3  employment. Cal. Gov't Code § 950.2. This state requirement applies in actions, such as
4  the instant one, filed under 42 U.S.C. § 1983. *Butler v. Los Angeles County*, 617 F. Supp.
5  2d 994, 1001 (C.D. Cal. 2008). "Complaints that do not allege facts demonstrating either
6  that a tort claim was timely presented or that compliance with the claims statute is excused
7  are subject to dismissal." *Id.* (quoting *Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201,
8  209 (Cal. 2007)). In his amended complaint, Walker must show evidence that he has
9  complied with the state requirement, or explain why he is excused from compliance with
10 the requirement.

## CONCLUSION

Defendant's motion for judgment on the pleadings (Docket No. 10) is DENIED. Plaintiff's complaint is DISMISSED as forth below:

Claim 1 (his claim under section 3391) is DISMISSED <u>without</u> leave to amend and with prejudice. Claims 2, 3, 4 and 5 (the two equal protection claims, the Eighth Amendment claims, and the intentional infliction of emotional distress tort claim) are DISMISSED <u>with</u> leave to amend.

On or before October 25, 2014, Walker shall file an amended complaint addressing all the deficiencies described above. The amended complaint must include the caption and civil case number used in this order (12-6059 WHO (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, Walker must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Any claims not raised in the amended complaint will be deemed waived. Walker may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to Walker.

It is Walker's responsibility to prosecute this case. He must keep the Court

1 informed of any change of address by filing a separate paper with the clerk headed "Notice
2 of Change of Address." He must comply with the Court's orders in a timely fashion or ask
3 for an extension of time to do so. Failure to comply may result in the dismissal of this
4 action pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk shall terminate Docket No. 10.

**IT IS SO ORDERED.**

**Dated:** September 5, 2014



WILLIAM H. ORRICK
United States District Judge